UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br><br>          Petitioner,<br><br>    -v.-<br><br>TIG INSURANCE COMPANY,<br><br>          Respondent. | CIVIL ACTION NO.: 16 Civ. 9527<br><br>**PETITION TO COMPEL ARBITRATION** |

  Petitioner ExxonMobil Oil Corporation ("ExxonMobil") commences this proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to compel Respondent TIG Insurance Company, as successor in interest to TIG Insurance Company of Michigan ("TIG") to comply with its obligation to arbitrate any issue or disagreement concerning Excess Liability Insurance Policy No. 01-0113-98 (TIG Policy No. XEX 37690650) ("the Policy") (**Exhibit A**). The Policy provides that if either party requests alternative dispute resolution—which ExxonMobil has—and unless the parties agree to some other method of alternative dispute resolution—which they have not—then "the parties shall use binding arbitration." Ex. A, Endorsement 11. Accordingly, Petitioner is entitled to an order compelling arbitration.

## PARTIES

  1.  Petitioner ExxonMobil Oil Corporation, formerly known as Mobil Oil Corporation, is a New York corporation with its principal place of business in Irving, Texas.

  2.  Respondent TIG Insurance Company is a California corporation with its principal place of business in Manchester, New Hampshire.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the dispute, which relates to an insurance policy providing $25 million in coverage, involves an amount in controversy exceeding $75,000.

4.     This Court has personal jurisdiction over Respondent because Respondent has systematic and continuous contacts with New York.  Respondent is registered to do business in New York and maintains an agent for service of process in New York.  Respondent has also purposefully availed itself of the law and courts of this State, including by commencing one or more legal actions in its courts.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTS

**A.   The Policy**

6.     TIG issued the Policy to ExxonMobil for the policy period January 1, 1998 through November 30, 1999, promising $25 million in coverage as part of $75 million in limits in excess of $210 million in underlying limits.  ExxonMobil is an insured under the Policy.  The Policy provides broad coverage for liabilities created, inter alia, by property damage arising from ExxonMobil's products such as gasoline.

**B.   The MTBE Litigation**

7.     Beginning in the late 1990s, ExxonMobil was sued in a number of actions by private plaintiffs and state attorneys general seeking damages for groundwater contamination involving methyl tertiary butyl ether ("MTBE"), a gasoline additive used by ExxonMobil and other companies as an octane enhancer (to reduce engine "knock") and as an oxygenate (to reduce air pollution, in accordance with federal mandates under the Clean Air Act).  While

MTBE proved effective in reducing emissions, the plaintiffs alleged that gasoline containing MTBE, when it spilled, or leaked from underground storage tanks, migrated into and caused damage to groundwater, principally a deterioration in odor and taste.  Plaintiffs alleged significant damages.

8. Losses from the MTBE lawsuits, including defense costs, settlement costs, and judgment costs have continued to mount and now implicate the full limits of the Policy.

C. **The Insurance Coverage Dispute**

9. On or about September 30, 1999, ExxonMobil provided notice to TIG of a covered occurrence under the Policy.  At that time, ExxonMobil's MTBE losses had not reached a level that implicated the limits of the Policy.

10. As of June 1, 2016, the full $25 million in limits have been due and owing under the Policy.  On September 1, 2015, ExxonMobil made a formal demand to TIG for payment under the Policy. The parties thereafter engaged in good faith discussions regarding ExxonMobil's coverage claim and held an in-person meeting on November 3, 2016.  At the end of this meeting, TIG's representatives indicated that they would consider ExxonMobil's claim and engage in further discussions.

11. TIG has not engaged in further discussions.  Instead, without prior notice, on November 30, 2016, TIG filed a lawsuit in New York County Supreme Court (*TIG Ins. Co. v. ExxonMobil Oil Corp.*, Index No. 656231-2016 (**Exhibit B**)), asking for a judicial declaration that TIG owes no coverage obligations whatsoever under the Policy for ExxonMobil's MTBE losses (the "TIG State Declaratory Judgment Action").

12. The TIG State Declaratory Judgment Action represents an unequivocal denial of ExxonMobil's coverage claim.  By its terms, TIG's suit also communicates TIG's unwillingness to engage in non-binding forms of alternative dispute resolution.

**D.     Arbitrability of the Coverage Dispute**

13. Endorsement 11 of the Policy governs the resolution of any issue or disagreement concerning the Policy.  It provides that "If [TIG] and [ExxonMobil] disagree, after making a good faith effort to reach an agreement on an issue concerning [the Policy], then either party may request" alternative dispute resolution.  Ex. A, Endorsement 11.

14. The process of alternative dispute resolution begins if and when one party makes a "request of the other in writing that the dispute be settled by an alternative dispute resolution ('ADR') process."  *Id.* at Endorsement 11, ¶ 1.

15. The parties are then invited to agree on an ADR process, but if "the parties cannot agree on an ADR process," then the Policy provides in mandatory terms that "the parties *shall* use binding arbitration."  *Id.* at Endorsement 11, ¶ 4 (emphasis added).

16. All of the preconditions to binding arbitration under the Policy have been satisfied.  By letter dated December 9, 2016, ExxonMobil invoked the ADR endorsement to the Policy and made a formal request of TIG that the dispute be resolved under the ADR procedures set forth therein and that TIG thus immediately dismiss the TIG State Declaratory Judgment Action (**Exhibit C**).   ExxonMobil further informed TIG that it has elected to proceed via binding arbitration (i.e., the mandatory default method of dispute resolution under the endorsement) and will not agree to any non-binding method of dispute resolution.  *Id.*  As ExxonMobil's letter to TIG observed, TIG's filing of its lawsuit demonstrates the futility of any effort to engage in any non-binding method of alternative dispute resolution in this matter and

shows that ExxonMobil's expectation that TIG would continue with the parties' good faith dialogue—as TIG had expressly indicated it would, and has ExxonMobil has successfully done with every other insurer in its MTBE program to date—was not honored.

17. Because one party (ExxonMobil) has requested ADR, and the parties have not—and given the foregoing, will not—agree to any method other than binding arbitration, the Policy provides that "the parties *shall* use binding arbitration." Ex. A, Endorsement 11, ¶ 4 (emphasis added).

18. Despite the clear and mandatory arbitrability of the parties' dispute and governing federal law requiring TIG to submit to arbitration in this matter, TIG has declined to confirm to ExxonMobil that it shall immediately submit to arbitration and dismiss the TIG State Declaratory Judgment Action without prejudice and in deference to arbitration.

## **REQUEST FOR RELIEF**

Wherefore, Petitioner ExxonMobil requests that this Court:

1. Enter an order pursuant to the Federal Arbitration Act, 9 U.S.C. §4, and Endorsement No. 11 of the Policy, compelling Respondent TIG to submit to binding arbitration of all disputes regarding ExxonMobil's MTBE coverage claim under the Policy, in accordance with Endorsement No. 11 of the Policy;

2. Enter an order enjoining Respondent TIG from pursuing any method of dispute resolution other than binding arbitration, including without limitation the TIG State Declaratory Judgment Action.

3. Award ExxonMobil its fees and costs in connection with this Petition; and

4. Award such other relief as is just and proper.

Dated: New York, New York
December 9, 2016

Respectfully submitted,

COVINGTON & BURLING LLP

By: /s/ P. Benjamin Duke
P. Benjamin Duke

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
pbduke@cov.com

Donald W. Brown
Jeffrey Davidson
One Front Street
San Francisco, California 94111-5356
(415) 591-7063
dbrown@cov.com; jdavidson@cov.com

Allan B. Moore
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
(202) 662-5575
amoore@cov.com

*Counsel for Petitioner ExxonMobil Oil Corporation*