USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____3|9|17_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXXONMOBIL OIL CORPORATION,

                                    Petitioner,

            – against –

TIG INSURANCE COMPANY,

                                    Respondent.

---

**ORDER**

16 Civ. 09527 (ER)

Ramos, D.J.:

On March 2, 2017, TIG Insurance Company ("TIG" or "Respondent") filed a letter

asking the Court to:  (1) "clarify the intent" of its February 2, 2017 Order ("Order") (Doc. 21),

which granted ExxonMobil Oil Corporation's ("Petitioner") request to compel arbitration and

stayed the action pending the outcome of that arbitration; and (2) issue an order "dismissing all

claims in this action such that TIG can pursue an immediate appeal" or, in the alternative,

"certify[ing] the February 2 Order as final pursuant to 28 U.S.C. § 1292(b)."  Doc. 24 at 2-3.

This Court's Order is clear:  the action was stayed and the parties were directed to

proceed to arbitration.  The ruling complies with the Second Circuit's guidance under *Katz v.*

*Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015), in which the Second Circuit held that "the text,

structure, and underlying policy of the FAA mandate a stay of proceedings when all of the

claims in an action have been referred to arbitration and a stay requested."[1]  In *Katz*, the Second

Circuit explained that a mandatory stay is consistent with the FAA's statutory scheme, which

authorizes the immediate interlocutory review of orders refusing to compel arbitration or denying

---

[1] In it moving papers, Petitioner cited *Katz* and requested a stay.  See Doc. 4 at 8.  Respondent did not provide any
argument suggesting that the Court should dismiss rather than stay this action.

a stay, while denying an immediate appeal from an order compelling arbitration or staying proceedings. *Id.* at 345-46. A mandatory stay is also "consistent with the FAA's underlying 'policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Id.* at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

Here, the Court explicitly "stay[ed] all further proceedings in this case pending arbitration of the claims." Order at 1. As the Court further explained in its February 1, 2017 bench ruling issued after oral argument, it was "retain[ing] jurisdiction to consider any issues that may arise after the arbitrators have rendered their awards and stay[ing] the proceedings in this matter pending arbitration, pursuant to the authority in *Katz v. Cellco Partnership*. . ." Doc. 22 at 25. Accordingly, no "clarification of intent" is needed regarding the Court's Order. The action is stayed pending arbitration, and thus Respondent's belated request to dismiss all claims is DENIED. Additionally, the Court DENIES Respondent's alternative request to certify the Order as final pursuant to 28 U.S.C. § 1292(b) because none of the prerequisites required for certification are present.

It is SO ORDERED.

Dated:     March 9, 2017
           New York, New York

Edgardo Ramos, U.S.D.J.