# Kennedys

September 11, 2019

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, NJ 07920
USA

t +1 908.848.6300
f +1 908.647.8390

kennedyslaw.com

t +1 908 848 1250

christopher.carroll@kennedyslaw.com

**Via ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: **ExxonMobil Oil Corp. v. TIG Ins. Co.**
          Case No.: 1:16-cv-09527-ER

Dear Judge Ramos:

    This firm represents TIG Insurance Company ("TIG") in connection with the above-referenced action. Pending before Your Honor is ExxonMobil Oil Corporation's ("ExxonMobil") request for a pre-motion conference relating to its proposed motion to confirm the arbitration award that has been issued in connection with this matter (the "Award"). Please allow this correspondence to serve as TIG's response.

    With respect to ExxonMobil's brief recitation of the facts, TIG's response can be limited to two corrections. First, to the extent that ExxonMobil represents that TIG sought to "preempt ExxonMobil's right to arbitration" by filing a complaint in New York Supreme Court, that representation is without any basis. At the time of the filing of TIG's complaint, ExxonMobil had not presented any request for the parties to submit this matter to arbitration, and, in accordance with its rights under the policy, TIG sought to resolve this dispute in court. As such, ExxonMobil's representation regarding TIG's intent behind the filing of its state court action should be disregarded.

    Second, although ExxonMobil refers to the Award as being entered on August 14, 2019, it was, in fact, not issued to the parties until August 17, 2019. By referring to the earlier date, it appears that ExxonMobil's position is that the date of the Award is the date upon which the final panel member signed the decision. This is notwithstanding the fact that the parties did not receive it until three days later. Although the difference between these dates is minor, it becomes relevant to ExxonMobil's position on interest. In that regard, because a party cannot be found responsible for post-award interest (in the event that such interest is awarded) for the days upon which it was not even in possession of the Award, the controlling date must be the date upon which the Award was issued – August 17th.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

The Honorable Edgardo Ramos
September 11, 2019
Page 2

**Kennedys**

Turning to its proposed motion, ExxonMobil has advised that it intends on seeking an order that (1) confirms the Award and enters final judgment in that regard; and (2) awards pre-Award interest in the amount of $6,280,429, post-Award interest and post-judgment interest. TIG maintains that ExxonMobil cannot meet the burden necessary to be successful on either of these bases. In particular, under § 10(a) of the Federal Arbitration Act (the "FAA"), a court may vacate an arbitration award, in relevant part, "where the arbitrators exceeded their powers." Applying that standard, ExxonMobil lacks sufficient basis to obtain confirmation of the Award because the arbitrators exceeded the scope of their authority in their misapplication of the "Governing Law and Interpretation" provision of the policy.

ExxonMobil's assertion that it is entitled to prejudgment interest is also wholly without merit. Specifically, the three cases upon which ExxonMobil relies to argue to the contrary are inapposite. In re Levin & Glasser, P.C., 70 A.D.3d 443, 444 (1st Dept. 2010), involved a decision in which the court specifically found that it *did not* have the authority to award interest where the arbitral panel did not do so. Moreover, Finger Lakes Bottling Co., Inc. v. Coors Brewing Co., 748 F.Supp.2d 286, 290 (S.D.N.Y. 2010), and Grobman v. Chernoff, 15 N.Y.3d 525 (2010), both involved scenarios in which only limited issues were submitted to the arbitration panel for resolution, such that they found the question of interest to be outside the scope of their authority.

Unlike the cases cited by ExxonMobil, this matter did not involve a scenario in which the scope of the arbitrators' authority was limited to a particular set of defined issues. Instead, the ADR endorsement that governed the arbitration encompassed the entire case, and it provides that "any decision, award or agreed settlement made as a result of an ADR process *shall be limited to the limits of liability of this Policy.*" (Emphasis added.) To that end, the ADR endorsement does not limit the panel's jurisdiction to award interest, as long as that interest coupled with the principal award does not exceed $25,000,000 (the policy limits). This restriction represents a contractual agreement that, if arbitration is pursued, any recovery will be capped, regardless of how the award is split among limits and interest.

Here, the arbitrators awarded the full limits of the policy. As a result, according to the explicit terms of the ADR endorsement, ExxonMobil is not permitted to obtain an award of interest in excess of that amount. In that regard, it is important to note that ExxonMobil is the party that petitioned the Court to compel this dispute to arbitration under the terms of the ADR endorsement. Now, in the same breath, it asks this Court to disregard the express terms of that endorsement and enter an award in excess of the policy limits. ExxonMobil cannot have it both ways. It pursued arbitration, over TIG's objections, and now it must be bound by the policy's restrictions on recovery as a result of that form of resolution. Indeed, ExxonMobil itself repeatedly argued in support of its Petition to Compel Arbitration that the failure to apply the plain language of the ADR endorsement would render it a "meaningless mere surplusage provision." To ignore the express monetary cap that was agreed upon by the parties and award interest in excess of the policy limits would strip the language of the ADR endorsement of any meaning and render it a "meaningless mere surplusage provision," which is the exact result that ExxonMobil has previously asked this Court to avoid.

Based on the foregoing, TIG maintains that ExxonMobil has no basis upon which it can seek confirmation of the Award, let alone an award of interest. TIG looks forward to the opportunity to discuss these issues with the Court at a pre-motion conference.

The Honorable Edgardo Ramos
September 11, 2019
Page 3



Thank you for the Court's consideration.

Respectfully submitted,

Christopher R. Carroll

cc:   Allan B. Moore, Esq. (by ECF)