## COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**MEMO ENDORSED**, last page.

**Via ECF**

September 6, 2019

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: ___9/13/2019___

MEMO ENDORSED

**Re:  *ExxonMobil Oil Corp. v. TIG Insurance Co.*, No. 1:16-cv-9527-ER**

Dear Judge Ramos:

We respectfully write on behalf of ExxonMobil Oil Corporation ("ExxonMobil") to request that the Court schedule a pre-motion conference in anticipation of ExxonMobil filing a motion in this currently-stayed action:

> (1) to lift the existing stay in this proceeding (*see* Dkts. 21, 29) (orders compelling arbitration, retaining jurisdiction, and staying proceedings pending arbitration),
>
> (2) to confirm the August 14, 2019 Award of the Arbitral Tribunal that has now followed in the wake of the Court's order of February 2, 2017, compelling arbitration (*see* Dkt. 21), and
>
> (3) to enter a final judgment of the Court based on said Award, and also awarding (i) post-Award interest and (ii) pre-Award interest, the latter in view of the Arbitral Tribunal's determination that it "lack[s] the jurisdiction to make an award that exceeds the limits of the TIG Policy" and, therefore, the Tribunal lacked jurisdiction to award the pre-Award interest that applicable New York law otherwise provides.

In December 2016, ExxonMobil petitioned this Court to compel TIG Insurance Company ("TIG") to submit to arbitration of ExxonMobil's claims for insurance coverage under Excess Liability Insurance Policy No. 01-0113-98 (TIG Policy No. XEX 37690650) (the "Policy"). *See* Dkt. 1. ExxonMobil sought coverage for losses it has incurred in a number of lawsuits by private plaintiffs and state attorneys general seeking damages for groundwater contamination involving methyl tertiary-butyl ether ("MTBE"), a gasoline additive. *Id.* Pursuant to an ADR Endorsement in the Policy, and in the face of TIG's refusal to acknowledge coverage under the

COVINGTON

The Honorable Edgardo Ramos
September 6, 2019
Page 2

Policy, ExxonMobil invoked binding arbitration. *See* Dkt. 1, Ex. C. TIG sought to preempt ExxonMobil's right to arbitration by filing an action in New York Supreme Court seeking a declaration that it owes no coverage for ExxonMobil's claim. *See* Dkt. 1, Ex. B.

This Court granted ExxonMobil's petition to compel arbitration in February 2017, and further, "retain[ed] jurisdiction to consider any issues that may arise after the arbitrators have rendered their awards and stay[ed] the proceedings in this matter pending arbitration." Dkt. 22 at Tr. 25:5–12; *see* Dkts. 21, 29.

The parties have now completed an extensive arbitration process, and their appointed Arbitral Tribunal rendered its Award dated August 14, 2019, ruling that ExxonMobil is entitled to the insurance coverage that it has claimed and is entitled to payment from TIG in the full amount of the TIG Policy's $25 million limits.

A party to an arbitration compelled by a federal district court may move for confirmation of the resulting award. *See Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 573 (2d Cir. 2005); 9 U.S.C. § 9. "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Under the Federal Arbitration Act ("FAA"), arbitration awards are not appealable, and the Court should confirm an arbitral award "unless the award is vacated, modified, or corrected" under one of the highly circumscribed grounds for such exceptional relief that is statutorily permissible under the FAA. *Id.* (quoting 9 U.S.C. § 9). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," and the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* Moreover, "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *Id.*

Here, the Court correctly decided, after extensive briefing and a hearing 2½ years ago, that TIG agreed to mandatory arbitration pursuant to the Policy's ADR Endorsement. And none of the narrow grounds for modifying or vacating the ensuing award exist. *See* 9 U.S.C. §§ 10–11.

Accordingly, consistent with the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation," *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993), the Court should permit ExxonMobil's proposed motion to lift the stay, confirm the August 14, 2019 Award of the Arbitral Tribunal, and enter an enforceable judgment based on the Award, including the post-Award interest and post-judgment interest required by law.

In addition, the Court should award ExxonMobil interest to make it whole. As noted above, the Arbitral Tribunal determined that it "lack[ed] jurisdiction" to award *pre-Award* interest, given that the TIG Policy's arbitration clause restricts the Tribunal's authority to make an award "to the limits of liability of this policy." In so ruling, however, the Tribunal observed that *In re Levin & Glasser, P.C. v. Kenmore Property, LLC*, 70 A.D.3d 443, 444-45 (1st Dep't 2010), "does seem to

COVINGTON

The Honorable Edgardo Ramos
September 6, 2019
Page 3

imply that where the arbitrator would lack jurisdiction or be prohibited from making an award of pre-judgment interest and the claimant could not have sought an award of interest, the claimant is not foreclosed from seeking such pre-judgment interest in a subsequent court proceeding to confirm an award."

The Tribunal was correct in recognizing that a court retains authority to make a successful party in arbitration whole through a judgment including pre-award interest in these circumstances. *See* N.Y.C.P.L.R. § 5001; *Finger Lakes Bottling Co., Inc. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 287-90 (S.D.N.Y. 2010) (in an arbitration pursuant to an agreement to arbitrate the damages to which a terminated distributor was entitled, the arbitrator found that "the subject of prejudgment interest was 'beyond the scope of the arbitration'"; "Because the issue of prejudgment interest was determined by the arbitrator to be beyond the scope of this particular arbitration and thus not decided by the arbitrator, that issue is properly before" the District Court); *see also Grobman v. Chernoff*, 15 N.Y.3d 525, 528-29, (2010) (an agreement to arbitrate specifying "AT ISSUE: Damages" (after a jury finding of liability) did not empower the arbitrator to decide the issue or amount of pre-judgment interest; therefore, the trial court confirming the arbitration award had the authority to award pre-judgment interest). Indeed, any contrary result would mean that a successful arbitration claimant with less than a full-limits claim could be awarded pre-award interest, but a successful arbitration claimant that has been wrongfully denied insurance coverage for a full-limits loss cannot be, thereby incentivizing an insurer like TIG, which is liable for full limits, to benefit from a delay and denial of coverage, rather than be obligated to pay out the full limits owed as of the date of its breach of the coverage obligation.

Accordingly, ExxonMobil respectfully submits that, consistent with the aforementioned and other applicable authority, the FAA, and the intent of the Court's prior rulings in this case, the Court should (a) permit ExxonMobil's motion for confirmation of, and entry of a final judgment in respect to, the Arbitral Tribunal's Award, which ExxonMobil will file with its motion, and (b) award ExxonMobil pre-Award interest, which, ExxonMobil will show, is due in the amount of $6,280,429, and post-Award and post-judgment interest.

If leave to file the proposed motion is granted, ExxonMobil is prepared to file such motion within fourteen (14) days.

Sincerely,

Allan B. Moore

cc:   Christopher Carroll, Esq. (by ECF)

A pre-motion conference will be held on October 31, 2019, at 10:00 a.m.
SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated:  9/13/2019
New York, New York