UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br><br>                               Petitioner,<br><br>          v.<br><br>TIG INSURANCE COMPANY,<br><br>                               Respondent. | CIVIL ACTION NO.<br>1:16-cv-09527-ER<br><br><br><br>**DECLARATION OF<br>DONALD W. BROWN** |

I, DONALD W. BROWN, declare as follows pursuant to 28 U.S.C. § 1746:

      1.      I am a partner with the law firm of Covington & Burling LLP, counsel of record for Petitioner ExxonMobil Oil Corporation ("ExxonMobil" or "Mobil"). I am a member in good standing of the bar of California, and duly admitted *pro hac vice* to practice before this Court in connection with this matter. I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents relevant to its determination of ExxonMobil's Motion to Lift Stay, for Order Confirming Arbitration Award, and for Entry of Final Judgment Including Prejudgment Interest.

      2.      On February 1, 2017, this Court ordered the parties to arbitration, and stayed all further proceedings in this action pending arbitration. Dkts. 21, 22; *see also* Dkt. 29. An arbitration ensued and, after 2½ years of proceedings, the arbitral

Tribunal conducted a merits hearing based on several hundred pages of briefing and thousands of pages of witness statements, expert reports, and documentary evidence. On August 17, 2019, the Tribunal delivered its 46-page "Award of the Arbitral Tribunal," dated August 14, 2019 ("Award"), a true and correct copy of which is attached hereto as **Exhibit A**.  The Tribunal determined that Petitioner Mobil "has prevailed on its [insurance] claim" and is "entitled to receive TIG [Insurance Company]'s full policy limits of $25 million" to cover losses Mobil incurred in underlying product liability litigation. *Id*. at 46, ¶ 147.

      3.     Attached hereto as **Exhibit B** is a true and correct copy of Excess Liability Insurance Policy number 01-0113-98 (TIG Policy No. XEX 37690650) (the "Policy"), issued by TIG Insurance Company of Michigan ("TIG") (Arbitration Exhibit C-1), which was the subject of the arbitration proceedings.  This is identical to the Policy attached as Exhibit A to the Declaration of P. Benjamin Duke, submitted December 9, 2016, in conjunction with ExxonMobil's Petition to Compel Arbitration.  *See* Dkt. 5.

      4.     Attached hereto as **Exhibit C** is a true and correct copy of a letter from Covington & Burling LLP to TIG Insurance Company and its outside counsel, signed by myself and dated and sent on August 30, 2019, along with two supporting attachments that were prepared by Jeffrey L. Mitchell, who reviewed the damages in the underlying cases and provided a witness statement in the arbitration.

5.     Attached hereto as **Exhibit D** is a true and correct copy of Arbitration Exhibit C-72, which is a letter from Covington & Burling LLP to TIG's outside counsel, signed by myself and dated and sent on May 17, 2016, discussing the amount of Mobil's losses and the exhaustion of TIG's Policy limit.

6.     Attached hereto as **Exhibit E** is a true and correct copy of Arbitration Exhibit C-73, which is a letter from Bruce Nielsen of Exxon Mobil Corporation to various insurers including TIG, dated September 29, 2016, providing an update on the status of MTBE-related claims.

7.     Following this Court's Order Compelling Arbitration, the parties collaborated to appoint a highly credentialed, three-member Tribunal seated in New York City.  Mobil appointed Robert B. Davidson, Esq., to serve as an arbitrator, and TIG appointed Gavin Kealey, Q.C.  John G. Bickerman, Esq., was selected to serve as the Tribunal's Chair through a reverse-ranking system mutually agreed to by the parties.  Attached hereto as **Exhibit F** and **Exhibit G** are true and correct copies of correspondence from Citlalli Grace, Dispute Resolution Services Manager with the International Institute for Conflict Prevention and Resolution ("CPR"), acknowledging the final appointments, respectively, of the party-appointed arbitrators and the arbitration chair.  At a procedural conference conducted on February 12, 2018, the matter was set for a merits hearing in April 2019.

8. In advance of the merits hearing, the parties completed four rounds of written submissions: an opening submission (Mobil), a responding submission (TIG), a reply submission (Mobil), and a sur-reply submission (TIG). The briefs alone totaled 400 pages. The parties also submitted fifteen (15) individual witnesses statements from fourteen (14) individual witnesses, as well as two (2) expert witness reports, altogether nearly 400 pages of testimonial evidence and attachments. Along with the memoranda and testimonial evidence, the parties provided documentary evidence comprising approximately 1,737 separate exhibits.

9. Attached hereto as **Exhibit H** is a true and correct copy of relevant excerpted pages from Mobil's Opening Memorandum, submitted to the Tribunal on June 29, 2018.

10. Attached hereto as **Exhibit I** is a true and correct copy of relevant excerpted pages from TIG's Opening Memorandum, which is undated but was submitted to the Tribunal on October 22, 2018.

11. Attached hereto as **Exhibit J** is a true and correct copy of relevant excerpted pages from Mobil's Reply Memorandum, submitted to the Tribunal on January 11, 2019.

12. Attached hereto as **Exhibit K** is a true and correct copy of relevant excerpted pages from TIG's Reply Memorandum, submitted to the Tribunal on February 22, 2019.

13. The submission of evidence to the Tribunal concluded with a two-day merits hearing on April 18 and 19, 2019, at the JAMS offices in New York, New York, in which Mobil and TIG presented argument and evidence on a set of contested issues that remained. Attached hereto as **Exhibits L** and **M** are relevant excerpted pages from the Reporter's Transcript of Proceedings from the April 17 and April 18 hearings, respectively.

14. Attached hereto as **Exhibit N**, for the Court's convenience, is a proposed form of order granting the relief requested herein.

15. The matters set forth in ExxonMobil's Memorandum of Law in Support of its Motion to Lift Stay, for Order Confirming Arbitration Award, and for Entry of Final Judgement Including Prejudgment Interest are true and correct to the best of my knowledge and belief.

16. No party has previously filed any motion seeking to vacate, modify, or correct the final decision or award by the arbitration panel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 21st day of November, 2019, at San Francisco, California.

COVINGTON & BURLING LLP

By: *s/ Donald W. Brown*
Donald W. Brown

P. Benjamin Duke
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
pbduke@cov.com

Donald W. Brown
Jeffrey Davidson
Gretchen Hoff Varner
415 Mission Street, Suite 5400
San Francisco, California 94111-5356
(415) 591-7063
dwbrown@cov.com;
jdavidson@cov.com;
ghoffvarner@cov.com

Allan B. Moore
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
(202) 662-5575
amoore@cov.com

*Counsel for Petitioner
ExxonMobil Oil Corporation*