# EXHIBIT H

In the Matter of an Arbitration Between:

------------------------------------x
:
EXXONMOBIL OIL CORP.,                : CPR File No. G-18-13-G
:
: Arbitrators:
Claimant,                            :
:    John Bickerman (Chair)
:    Robert B. Davidson
- and -                              :    Gavin Kealey, QC
:
: Hearing: April 15-19, 2019
:
TIG INSURANCE CO. OF MICHIGAN,       :
:
:
Respondent.                          :
:
------------------------------------x

# EXXONMOBIL OIL CORPORATION'S OPENING MEMORANDUM

Donald W. Brown
Jeffrey M. Davidson
Gretchen Hoff Varner
Covington & Burling LLP
One Front Street
San Francisco, CA  94111-5356
Telephone: (415) 591-6000
dwbrown@cov.com

Allan B. Moore
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone:  (202) 662-6000
abmoore@cov.com

*Counsel for ExxonMobil Oil Corp.*

**CONFIDENTIAL PURSUANT TO PROCEDURAL ORDER No. 1**

Consequently, even if the Policy required reduction of Mobil's MTBE losses based on the proportion of service stations it owned in the region where liability was assessed based on volume of gasoline distributed, the reduction would not materially reduce the MTBE losses that Mobil has suffered.

### G. TIG's Breach of Contract and Mobil's Damages

For the reasons set forth above, the Policy covers all of Mobil's MTBE losses. Because the losses are treated as a single integrated occurrence, Mobil's claim is subject to a single underlying retention of $50 million, and the TIG Policy participates in an excess layer which attaches at $250 million (including the SIR). TIG Policy at § III(f), § V(d). Mobil's MTBE losses today far exceed the TIG Policy's limits of liability. Mobil's losses exceed the $250 million attachment point by $185 million; exceed the Policy's $25 million annual aggregate limit of liability by $160 million; and exceed the $75 million excess layer by $110 million. Mitchell Stmt ¶ 67 & tbl. 4. Consequently, by any measure, Mobil is entitled to indemnification by TIG of the Policy's entire limits of liability.

Despite Mobil's entitlement to coverage, and the current exhaustion of the Policy's limits of liabilities, TIG has denied coverage and refused to make any payment under the Policy. Under the Policy, TIG is obligated to pay Mobil's losses within thirty days after they are demanded and proven in accordance with the Policy. TIG Policy at § V(g) (Conditions). Mobil demanded payment on September 21, 2015, which it supplemented on May 17, 2016, and September 29, 2016 to account for further losses in the interim. *See* Ltrs., C-69; C-72; C-73. TIG refused to pay, and instead unequivocally denied coverage by filing suit on November 30, 2016. *See* Complaint, *TIG Ins. Co. v. Exxon Mobil Oil Corp.*, No. 646231/2016 (N.Y. Sup. Ct. 2016), C-74. Mobil reiterated its demand for payment on March 14, 2017. C-80. Despite Mobil's proper demands for

**CONFIDENTIAL PURSUANT TO PROCEDURAL ORDER No. 1**

- 138 -

payment, TIG has refused to pay, and has not paid any amount under the Policy to date. TIG therefore has breached its insurance contract with Mobil.

In accordance with TIG's thirty-day payment obligation, *see* TIG Policy at § V(g) (Conditions), TIG breached the Policy no later than October 21, 2015, thirty days after ExxonMobil sent its September 21, 2015 letter to TIG demanding payment. Mitchell Stmt. ¶ 61; Ltr., Sept. 21, 2015, C-69. TIG was obligated to remit payment to Mobil in the amount of $6,580,616 by October 21, 2015. An additional payment of $841,396, reflecting further defense expenses, was due by June 17, 2016. Mitchell Stmt. ¶ 61; Ltr., May 17, 2016, C-72. And a further payment of $17,577,988 was due by October 29, 2016, because of Mobil's payment of the New Hampshire judgment, which exhausted the Policy's limits of liability. Mitchell Stmt. ¶ 62; Ltr., Sept. 29, 2016, C-73.

Thus, TIG failed to pay Mobil's insurance claims within thirty days after Mobil made its claims on September 21, 2015; May 17, 2016; and September 29, 2016. Accordingly, TIG breached and continues to breach its contractual agreement and obligations to ExxonMobil under the TIG Policy. Had TIG paid these amounts within 30 days of the three demands, Mobil would have had access to the full $25 million in policy proceeds two years ago. Therefore, using the New York statutory rate of 9%, *see* N.Y. C.P.L.R. §§ 5001, 5004, the present value of the $25 million policy limit will be $31,161,826 as of the April 2019 hearing. Mitchell Stmt. ¶¶ 70-71 & tbl. 7. Awarding this full amount will provide Mobil with the full value of the $25 million in policy proceeds for which it paid. Therefore, Mobil should be awarded $31,161,826 in damages, plus interest running from the date of the hearing.

**CONFIDENTIAL PURSUANT TO PROCEDURAL ORDER No. 1**

- 139 -

## IV. CONCLUSION

For these reasons, TIG is obligated to pay Mobil's MTBE losses up to the limits of the Policy, and Mobil is entitled to an award of $31,161,826, plus further interest accruing at the rate of 9% per annum on an ongoing basis.

| | |
|---|---|
| June 29, 2018 | COVINGTON & BURLING LLP |

By: *[signature: Donald W. Brown]*

Donald W. Brown
Jeffrey M. Davidson
Gretchen Hoff Varner
Covington & Burling LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
dwbrown@cov.com
jdavidson@cov.com
ghoffvarner@cov.com

Allan B. Moore
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington D.C. 20001-4956
Telephone: (202) 662-6000
abmoore@cov.com

*Counsel for Claimant ExxonMobil Oil Corp.*

**CONFIDENTIAL PURSUANT TO PROCEDURAL ORDER No. 1**