

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

RUBY J. KRAJICK
CLERK OF COURT

July 29, 2021

**BY ECF AND OVERNIGHT MAIL**

Benjamin Duke, Esq.
Covington & Burlington LLP
The New York Times Building
620 Eight Avenue
New York, NY 10018-1405

Allan B. Moore, Esq.
Covington & Burlington LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001-4956

Christopher R. Carroll, Esq.
Kennedys CMK LLP
120 Mountain View Boulevard
Baskin Ridge, NJ 07920

Donald W. Brown, Esq.
Jeffrey Davidson, Esq.
Covington & Burlington LLP
One Front Street
San Francisco, CA 94111-5356

Daniel Peter Goldberg, Esq.
Daniel Martin Sullivan, Esq.
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017

Heather Elizabeth Simpson, Esq.
Carroll, McNulty & Kull L.L.C.
120 Mountain View Boulevard
Baskin Ridge, NJ 07920

In re: ExxonMobil Oil Corporation v. TIG Insurance Company, 16 Civ. 9527 (ER)

Dear Counsel:

I have been contacted by Judge Ramos who presided over the above-mentioned case.

Judge Ramos informed me that it has been brought to his attention that while he presided over the case he owned stock in ExxonMobil Corporation. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Ramos directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Ramos' disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 13, 2021. Any response will be considered by another judge of this court without the participation of Judge Ramos.

Sincerely,

Ruby J. Krajick
Clerk of Court

Cc: Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
Second Circuit
(Hand delivered)