**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Donald W. Brown

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T  +1 415 591 7063
dwbrown@cov.com

**By ECF and Overnight Courier**                             August 13, 2021

Ms. Ruby J. Krajick                          Ms. Catherine O'Hagan Wolfe
Clerk of Court                               Clerk of Court
United States District Court                 United States Court of Appeals
Southern District of New York                for the Second Circuit
Office of the Clerk                          Thurgood Marshall United States Courthouse
500 Pearl Street                             40 Foley Square
New York, NY 10007                           New York, NY 10007

      Re:   *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 20-1946-cv (2d Cir.)
            *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 16 Civ. 9527 (ER) (SDNY)

Dear Ms. Krajick and Ms. Wolfe:

     We represent Petitioner-Appellee ExxonMobil Oil Corporation.  We write in response to Ms. Krajick's July 29, 2021, letter, which was copied to Ms. Wolfe and is attached here as a courtesy.  We appreciate the opportunity to respond.

     Ms. Krajick's letter notified the parties that "Judge Ramos informed me that it has been brought to his attention that while he presided over the case he owned stock in ExxonMobil Corporation."  July 29, 2021 Ltr. at 1.  As disclosed in Petitioner-Appellee's Corporate Disclosure Statement filed in the District Court on December 9, 2016 (SDNY Dkt. 3), Exxon Mobil Corporation is a publicly traded corporation that wholly owns Mobil Corporation, which in turn wholly owns Petitioner-Appellee ExxonMobil Oil Corporation ("Mobil").

     Ms. Krajick invited the parties to respond to Judge Ramos's disclosure "[w]ith Advisory Opinion 71 in mind."  July 29, 2021 Ltr. at 2.  As described in Ms. Krajick's letter, Advisory Opinion 71 counsels that when a judge who has entered judgment thereafter discloses facts bearing on disqualification, "[t]he parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, *if any*, arising from the participation of the disqualified judge in the" judgment.  July 29, 2021 Ltr. at 2 (emphasis added).

     Respondent-Appellant TIG Insurance Company ("TIG") has appealed from the judgment entered by the District Court.  TIG's appeal, which raises two discrete, purely legal issues, has been fully briefed, and **oral argument has been scheduled for September 14, 2021.**  Mobil strongly believes that at this stage *it is the Court of Appeals that should decide the legal consequence of Judge Ramos's disclosure* and, as explained below, conclude that his failure to recuse himself, *if error at all*, constituted, at worst, harmless error.  For that reason, we address this letter to the Court of Appeals as well as to the District Court.

**COVINGTON**

Ms. Ruby J. Krajick
Ms. Catherine O'Hagan Wolfe
August 13, 2021
Page 2

Petitioner-Appellee wishes to make three main points in response to Ms. Krajick's letter:

<u>First</u>, Judge Ramos, in not recusing himself, did *not* act contrary to federal law governing judicial disqualification. The applicable statute is 28 U.S.C. § 455. Section 455(b)(4) does not apply, because it requires recusal only if a judge "*knows* that he . . . has a financial interest . . . in a party" (emphasis added). It appears that Judge Ramos's ownership interest in Exxon Mobil was brought to his attention only recently, long after he entered judgment, and thus § 455(b)(4) was not triggered. *See Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). The distinct question presented here—whether a judge who entered judgment should *retroactively* be disqualified because it turns out he had a financial interest in a party—is governed by 28 U.S.C. § 455(a). *See Liljeberg v. Health Service Acquisition Corp.*, 486 U.S. 847 (1988). In such a case, under governing law, a judge is not retroactively disqualified absent a showing that an objective observer, knowing the facts, including the judge's notification that he was unaware of his ownership interest, would nonetheless conclude that the judge, *in fact*, actually *did* know of his stock ownership at the time and, therefore, would question the judge's impartiality. There is nothing in Ms. Krajick's disclosure letter that would support such an extraordinary conclusion.

<u>Second</u>, more important—*and wholly dispositive here*—even if Judge Ramos's failure to recuse himself <u>did</u> violate § 455, that failure "was, at worst, harmless error." *See Faulkner v. National Geographic Enterprises Inc.*, 409 F.3d 26, 42 n.10 (2d Cir. 2005). In its appeal, TIG seeks (i) reversal of the District Court's order compelling arbitration, and (ii) vacatur of the judgment confirming the arbitration award to the extent the District Court granted prejudgment interest, all on the basis of legal questions subject to *de novo* review on appeal. *See* Appellant's Br., October 6, 2020, at 20–21, 58 (2d Cir. Dkt. 32). The two discrete aspects of the District Court's judgment under review on appeal—an order compelling arbitration as required by contract, and a grant of prejudgment interest as mandated by New York law—are subject to plenary review by the Court of Appeals. The Court of Appeals will address those two issues entirely anew, and independently confirm the correctness (or not) of the District Court's judgment in an indisputably impartial, controlling decision. Moreover, that independent, indisputably impartial decision is imminent—the appeal is fully briefed and oral argument is scheduled for September 14, 2021. In these circumstances, Judge Ramos's failure to recuse himself, if error at all, "was harmless and moot." See *Faulkner*, 409 F.3d at 42 n.10, and the cases cited therein.

<u>Third</u>, as a matter of logic, fairness, and judicial efficiency, the Court of Appeals should address and decide the disqualification issue raised in Ms. Krajick's letter, not the District Court. That is so, if for no other reason, because it is the Court of Appeals' own plenary review of the legal issues on appeal and its indisputably independent and impartial decision that moots any arguable appearance of partiality in the District Court, and renders Judge Ramos's failure to recuse, if error at all, harmless. Moreover, this case has been pending—and Mobil has not been paid the insurance proceeds an arbitral panel unanimously awarded—for *nearly five years* now, frustrating the private and public interests in arbitration: efficiency and cost-effectiveness.

Mobil therefore respectfully asks that (1) the Court of Appeals (a) proceed to consider and decide the appeal, and (b) consider, as appropriate, whether any error by Judge Ramos in failing to recuse himself was harmless, and thus needs no remedy beyond the Court of Appeals' own decision on the merits, and (2) the District Court defer to the Court of Appeals on this question.

COVINGTON

Ms. Ruby J. Krajick
Ms. Catherine O'Hagan Wolfe
August 13, 2021
Page 3

      Counsel for Petitioner-Appellee Mobil spoke with counsel for Respondent-Appellant TIG on August 10, and raised the second, dispositive point discussed above. Counsel for Mobil asked TIG to agree that Judge Ramos's failure to recuse himself was, if error at all, harmless error not warranting any remedy given the nature and scope of the Court of Appeal's ongoing plenary review and unquestionably impartial decision addressing the issues on appeal *de novo*. Counsel for Mobil proposed that the parties jointly inform the Court of Appeals and the District Court that, given that any such error by Judge Ramos was harmless, the pending appeal should proceed on its merits without any need for ancillary proceedings. Counsel for TIG declined to so agree, and informed Mobil that TIG intends to file a motion in the District Court asking that court to vacate the judgment pursuant to Fed. R. Civ. P. 60(b).

      Petitioner-Appellee Mobil reserves its right to address and respond to any such motion to vacate the judgment once Mobil has had the opportunity to review it. This letter is written solely in response to Ms. Krajick's July 29, 2021, letter.

### There Was No Violation of 28 U.S.C. § 455

      The canon of judicial conduct to which Ms. Krajick refers in stating, "[Judge Ramos's] stock ownership would have required recusal" (July 29, 2021 Ltr. at 1), is codified at 28 U.S.C. § 455(b)(4), which provides that a judge "shall . . . disqualify himself" when: "He knows that he, individually or as a fiduciary . . . has a financial interest . . . in a party to the proceeding . . . ." As the Court of Appeals has noted, "Section 455(b)(4) embodies an *actual knowledge* test regarding disqualifying circumstances and provides a bright line as to disqualification based on a *known* financial interest in a party . . . ." *Chase Manhattan Bank*, 343 F.3d at 127 (emphasis added). Because Judge Ramos's ownership interest in Exxon Mobil was reportedly brought to his attention only recently, post-judgment, there was no violation of § 455(b)(4) here.

      The courts have held, however, that where such a disqualifying interest later comes to light, 28 U.S.C. § 455(a)—which does not include a scienter element—may under limited circumstances be applied retroactively in relation to an already-entered judgment. *See Liljeberg v. Health Service Acquisition Corp.*, 486 U.S. 847 (1988).

      Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In *Liljeberg*, the Supreme Court held that § 455(a) can be violated based on an appearance of partiality even though the judge in fact did not know of the circumstances creating the appearance of impropriety. *Liljeberg*, 486 U.S. at 859-861. "If it would *appear* to a reasonable person that a judge *has knowledge* of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists . . . ." *Id.* at 860 (citation and internal quotation marks omitted, emphasis added). "Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have *actual* knowledge." *Id.* at 860-861 (same).

      In *Chase Manhattan Bank*, the Court of Appeals considered a case in which a judge unknowingly owned stock in a party throughout the time he presided over the case, from trial

COVINGTON

Ms. Ruby J. Krajick
Ms. Catherine O'Hagan Wolfe
August 13, 2021
Page 4

through judgment.  Building on *Liljeberg*, the Court provided the standard for post-judgment disqualification in relation to stock ownership:

> We hold that an appearance of partiality requiring disqualification under Section 455(a) results when the circumstances are such that: (i) a reasonable person, knowing all the facts, would conclude that the judge had a disqualifying interest in a party under Section 455(b)(4), *and* (ii) such a person *would also conclude that the judge knew of that interest* and yet heard the case.  In short, we hold that Section 455(a) applies when a reasonable person would conclude that a judge was violating Section 455(b)(4).

*Chase Manhattan Bank*, 343 F.3d at 128 (emphasis added).

The facts as reported by Judge Ramos do not support such a conclusion.  The factual record does not provide a basis to conclude that a reasonable, objective observer would conclude that Judge Ramos *in fact knew* of his ownership interest in Exxon Mobil and yet heard the case, regardless.  Thus, there is no demonstrable violation of § 455(a).

**Judge Ramos's Failure to Recuse Himself Was, at Worst, Harmless Error**

As noted, however, even if one assumes that Judge Ramos's failure to recuse did violate § 455, any such error was harmless and does not require or warrant a remedy beyond the plenary *de novo* review of the issues on appeal that the Court of Appeals already will conduct.

> A conclusion that a statutory violation occurred [i.e., an objective observer knowing all the facts would have questioned the District Court's impartiality] does not, however, end [the reviewing court's] inquiry.  As in other areas of the law, there is surely room for *harmless error* committed by busy judges who inadvertently overlook a disqualifying circumstance.  There need not be a draconian remedy for every violation of § 455(a).

*Liljeberg*, 486 U.S. at 862 (emphasis and brackets added).

In *Liljeberg*, the aggrieved party sought to be relieved of a final judgment entered by a judge acting (the aggrieved party said) in violation of § 455(a).  The Supreme Court held as follows:

> We conclude that in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider [1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process.

*Liljeberg*, 486 U.S. at 863 (citation omitted, brackets added).

COVINGTON

Ms. Ruby J. Krajick
Ms. Catherine O'Hagan Wolfe
August 13, 2021
Page 5

      In *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523-25 (11th Cir. 1988), the court found that a trial judge's refusal to recuse himself was in violation of § 455(a). The court then considered the appropriate remedy. *Parker* first cited *Liljeberg* for the proposition, quoted above, that a violation of § 455(a) that amounts to "harmless error" does not warrant a "draconian remedy" (such as vacatur). *Parker* then applied the three-part *Liljeberg* test and concluded that the judge's "refusal to disqualify himself was, indeed, harmless error":

> First, the risk of injustice to the parties in this case if relief is denied is nonexistent. To the contrary, if we granted the employees relief for the § 455(a) violation and vacated the district court's decision then our action will create an injustice. The district court dismissed the case on summary judgment *and therefore this court is in as good a position to determine the merits of the employees' claims as was the district court. See Rollins v. Techsouth, Inc.*, 833 F.2d at 1527 ('In reviewing a grant of summary judgment, we must give the judgment plenary review, applying the same legal standards that bound the district court.'). As discussed previously, we agree with the district court that summary judgment was proper. *It would, therefore, be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper.*

*Parker v. Connors Steel Co.*, 855 F.3d at 1526 (emphasis added).

      In *Faulkner*, the Court of Appeals cited *Parker* and came to the same conclusion: A trial judge's failure to recuse in violation of 28 U.S.C. § 455(a) was harmless error where an appellate court exercising plenary review concluded that the district court's resolution of the case on the law—there a grant of summary judgment—was proper. 409 F.3d at 42 n.10; *see Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482, 490 (1st Cir. 1989) ("Here, the judge performed no factfinding and exercised no discretion. He determined as a matter of law that plaintiffs' complaint was insufficient. A court of appeals reviews such determinations de novo. Since we have independently confirmed the correctness of the lower court's decision . . . the judge's refusal to recuse himself was, at worst, harmless error. Therefore, the matter of disqualification is moot."); *see also, e.g., Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 97–98 (3d Cir. 2013) ("Plenary review allows us to find harmlessness because '[a]ny bias which may have infected the district court's decision is fully remedied by our consideration of the motions.'" (citation omitted)); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485-86 (5th Cir. 2003) ("Because we review a summary judgment ruling *de novo*, using the same standards as the district court, the parties are guaranteed a fair, impartial review of the merits of the ruling").

      Because in this case the Court of Appeals is, and is far along in the process of, reviewing the two legal issues on appeal *de novo* and, after plenary review, will issue its own independent, unquestionably unbiased, decision finally resolving those two legal issues, any appearance of partiality arguably raised by virtue of Judge Ramos's ownership of Exxon Mobil stock is mooted and, at worst, constitutes harmless error needing and warranting no remedy. Taking into account the three *Liljeberg* considerations (as did *Faulkner*, *Parker*, *Camacho*, and other cases cited

COVINGTON

Ms. Ruby J. Krajick
Ms. Catherine O'Hagan Wolfe
August 13, 2021
Page 6

herein), the District Court's judgment should stand, the Court of Appeals' plenary review should continue unabated, and the Court of Appeals' own independent decision should issue in order to avoid injustice to the parties.

Petitioner-Appellee ExxonMobil Oil Corporation respectfully requests that the District Court and the Court of Appeals so proceed.

Respectfully submitted,

Covington & Burling LLP

/s/ Donald. W. Brown
By:  Donald W. Brown

*Counsel for Petitioner-Appellee ExxonMobil Oil Corporation*

cc:     All Counsel of Record (by ECF)