```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXXONMOBIL OIL CORPORATION

                    Petitioner,

-against-

TIG INSURANCE COMPANY,

                    Respondent.

1:16-cv-09527-MKV

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

MARY KAY VYSKOCIL, United States District Judge:

      The Second Circuit Court of Appeals remanded this case for the sole purpose of calculating "the interest accrued [post-Award] through the date of judgment." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 180 (2d Cir. 2022). On August 15, 2022, the Court ordered the parties to submit a proposed amended judgment according with this directive. Order [ECF No. 70]. The parties were unable to agree on a proposed judgment, however, because they dispute the date that "judgment" was meaningfully ascertained—determining when prejudgment interest stops accruing and post-judgment interest begins. *See* Consent Letter Motion [ECF No. 73]; TIG Letter [ECF No. 75]; ExxonMobil Letter [ECF No. 76]. On September 21, 2022, the Court referred this dispute to Magistrate Judge Sarah Netburn. *See* Order Referring Case to Magistrate Judge [ECF No. 78].

      Magistrate Judge Netburn issued a thorough and carefully reasoned Report and Recommendation ("R&R") on November 2, 2022, recommending that this Court calculate post-Award prejudgment interest from August 17, 2019 until May 26, 2020, for a total prejudgment interest award of $1,744,519.50. R&R 1 [ECF No. 79]. The parties had fourteen days to file objections. *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b)(2); R&R 6. None were filed. When there are no objections, the Court reviews an R & R for clear error. *See, e.g., Andrews v. LeClaire*,

709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Batson v. RIM San Antonio Acquisition, LLC*, No. 15-CV-07576 (ALC), 2022 WL 767071, at *1 (S.D.N.Y. Mar. 14, 2022); *Harrell v. Chappius*, No. 17CIV758LAPSN, 2020 WL 10226736, at *1 (S.D.N.Y. Nov. 25, 2020).

The Court has reviewed the R&R for clear error. The Court finds none and agrees with the R&R that judgment was "ascertained in a meaningful way and supported by the evidence" on May 26, 2020, when Judge Ramos confirmed the arbitral award and entered judgment for ExxonMobil. *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836 (1990)); *see also NML Cap. v. Republic of Argentina*, 435 F. App'x 41, 43 (2d Cir. 2011) ("In general, pre-judgment interest ceases to accrue, and post-judgment interest begins to accrue, as of the date that judgment first 'is ascertained in a meaningful way and supported by the evidence.'" (quoting *Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010))). That judgment has never been disturbed by this Court, nor was it set aside after a separate review on appeal.

The Court finds ExxonMobil's suggestion that this Court should be guided by Ninth Circuit authority—rather than "certain decisions in the Second Circuit"—unpersuasive. *See* ExxonMobil Letter 3. Moreover, contrary to ExxonMobil's argument, the Second Circuit has expressly rejected the consideration of equities in determining what date "trigger[s] the running of interest." *See, e.g.*, *Andrulonis*, 26 F.3d at 1233.

The Court therefore adopts the R&R in its entirety as the opinion of the Court.

**SO ORDERED.**

Date: **November 17, 2022**
**New York, NY**

*[signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**