**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
EXXONMOBIL OIL CORPORATION,

                      Petitioner,

        -against-                                  16 **CIVIL** 9527 (MKV)

                                                 **JUDGMENT**

TIG INSURANCE COMPANY,

                      Respondent.
-------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Order dated November 17, 2022, the Court has reviewed the R&R for clear error. The Court finds none and agrees with the R&R that judgment was "ascertained in a meaningful way and supported by the evidence" on May 26, 2020, when Judge Ramos confirmed the arbitral award and entered judgment for ExxonMobil. Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994) (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 836 (1990)); see also NML Cap. v. Republic of Argentina, 435 F. App'x 41, 43 (2d Cir. 2011) ("In general, pre-judgment interest ceases to accrue, and post-judgment interest begins to accrue, as of the date that judgment first 'is ascertained in a meaningful way and supported by the evidence.'" (quoting Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010))). That judgment has never been disturbed by this Court, nor was it set aside after a separate review on appeal. The Court finds ExxonMobil's suggestion that this Court should be guided by Ninth Circuit authority-rather than "certain decisions in the Second Circuit"-unpersuasive. See ExxonMobil Letter 3. Moreover, contrary to ExxonMobil's argument, the Second Circuit has expressly rejected the consideration of equities in determining what date "trigger[s] the running of interest." See, e.g., Andrulonis, 26 F.3d at 1233. The Court therefore adopts the R&R in its

entirety as the opinion of the Court, and judgment is entered for Mobil in the amount of $26,744,519.50, representing the $25,000,000 awarded in arbitration, plus prejudgment interest on that amount accruing at a rate of 9% per annum pursuant to N.Y. CPLR §§ 5002 and 5004.

**Dated:**  New York, New York

　　　　　November 18, 2022

<br>

                                           **RUBY J. KRAJICK**

                              _____
                                           **Clerk of Court**

                        **BY:**      K. mango

                              _____
                                           **Deputy Clerk**